**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 8, 2026

**By ECF**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Mohammad Baqer Saad Dawood Al-Saadi*, 26 Cr. 220 (CM)**

Dear Judge McMahon:

The Government respectfully submits this letter to propose a briefing schedule for the Government's response and the defendant's reply to the defendant's August 25, 2026 letter motion (Dkt. 14 (the "August 25 Motion")), seeking to vacate or modify the Special Administrative Measures ("SAMs") imposed in this case and arguing that the defendant is a prisoner of war and should be treated as such "rather than as a common criminal in civilian court." (Dkt. 14 at 3-8). The parties have conferred and jointly propose that the Government file its response on September 28, 2026, and the defendant file his reply on October 5, 2026.

* * *

In addition, in advance of Wednesday's conference, the Government writes to briefly address certain issues raised in the August 25 Motion. *First*, the defendant complains that that social calls with his family have been cut short because the Government "did not want him discussing with [his family] the idea of raising public awareness in Iraq and Iran about his wrongful captivity and treatment in this country." (Dkt. 14 at 1-2, 5-6). That is not the case. To the extent any of the defendant's monitored calls were cut short, that was because the nature of the communications violated the SAMs, as determined by the Federal Bureau of Investigation ("FBI"), the agency responsible for monitoring the defendant's communications under the SAMs. The details of those violations will be further addressed in the Government's response to the August 25 Motion.

*Second*, with respect to the food that the defendant is receiving at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), the defendant complains that he is unable to eat the food "for religious reasons" and/or that the portions are too small. (Dkt. 14 at 1). Based on conversations with the Bureau of Prisons ("BOP"), the Government understands that the defendant has been receiving certified Halal and Kosher meals, and that those meals are the same as those provided to other inmates at the MDC with similar religious dietary restrictions. The portions of those meals are based on a menu created for all BOP inmates by a national dietician based on a daily 2,000 calorie diet for a man approximately 5 feet, 11 inches tall, who averages

approximately 200 pounds.[1] The defendant is also entitled to purchase additional food items from the commissary, just like any other inmate at the MDC.

*Third*, based on conversations with the BOP, and contrary to the defendant's representations to his counsel (*see* Dkt. 14 at 6), the Government understands that the defendant was provided Tylenol within 24 hours of requesting it.

*Fourth*, the Government understands from the BOP that the books referenced in the August 25 Motion (Dkt. 14 at 2)—which, in accordance with the SAMs, had to be reviewed and approved by the FBI—were delivered to the defendant on August 25, 2026.

The Government will further address the August 25 Motion its opposition brief.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________________
Jeffrey W. Coyle/Sarah L. Kushner/
David J. Robles
Assistant United States Attorneys
Southern District of New York
(212) 637-2437/2676/2550

[1] According to records obtained from the U.S. Marshals Service, at the time of his arrest in this case on or about May 14, 2026, the defendant was approximately 5 feet, 11 inches tall, and weighed approximately 198 pounds.